United States District Court
Middle District of Florida
Jacksonville Division

**IDRIS RAHEEM,**

 *Plaintiff,*

v.                  NO. 3:18-CV-743-J-34PDB

**DEPARTMENT OF REVENUE CSE, ETC.,**

 *Defendants.*

# Order

Idris Raheem, proceeding without a lawyer, moves for an extension of time to serve Craig Hemphill, Esquire, and the law firm of Hemphill & Hemphill. Doc. 54.

In a September 27, 2019, order, the Court granted in part Hemphill and the law firm's motion to quash service of process, quashed service of process on them, and directed Raheem to, by October 28, 2019, serve them and file proof of service. Doc. 52 at 3. The Court explained that failure to timely serve them and file proof of service "will result in the dismissal of Plaintiff's claims against" them. Doc. 52 at 3.

On October 28, 2019, Raheem filed a document titled "Notice," stating, "I, Idris Raheem … am in need of an extension of time for the second process of service attempt[.]" Doc. 54 at 1 (capitalization and quotation marks omitted). He contends Hemphill and the law firm are "evading process of service as usual by moving from the address listed on the summons" and states the attorney representing them "has not been available to be served by the process server." Doc. 54 at 1–2 (capitalization and quotation marks omitted). He filed proof-of-service forms for the service attempts, checking the box next to "I returned the summons unexecuted because" and writing "attorney for defendant refused [service]." Doc. 55 at 1, 2.

"When an act may or must be done within a specified time, the court may, for good cause, extend the time … if a request is made [] before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A).

Raheem filed the notice before the original deadline expired.[1] Because he is proceeding pro se, there is no apparent prejudice, and this is his first request for an

---

[1] After filing the motion for extension, Raheem filed a notice of appeal of the Court's order dismissing all defendants except Hemphill and the law firm, denying Raheem's motion for default against Hemphill and the law firm, and denying in part Hemphill and the law firm's motion to dismiss the case or quash service of process (denying dismissal but granting the request to quash service) (Doc. 52). Doc. 56. He also filed a motion for leave to appeal in forma pauperis, Doc. 58, which has been denied, Doc. 59.

"Ordinarily, the act of filing a notice of appeal confers jurisdiction on an appellate court and divests the trial court of jurisdiction over matters related to the appeal. That rule, however, does not extend to deficient notices of appeal." *Gilda Industries, Inc. v. U.S.*, 511 F.3d 1348, 1350 (11th Cir. 2008) (internal citations and quotation marks omitted). "[W]here the deficiency in a notice of appeal, by reason of untimeliness … or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction." *Id*.

An order disposing of fewer than all claims or the rights and liabilities of fewer than all parties is interlocutory. *Bodine v. Federal Kemper Life Assur. Co.*, 912 F.2d 1373, 1376 (11th Cir. 1990); *Mullins v. Nickel Plate Mining Co., Inc.*, 691 F.2d 971, 973 (11th Cir. 1982). Federal Rule of Civil Procedure 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

Therefore, "In a case involving multiple claims, in the absence of a [Rule 54(b)] certification, a district court's disposition of fewer than all the claims does not constitute an appealable final judgment." *Castleberry v. Goldome Credit Corp.*, 408

extension, he has established good cause. Construing the notice as a motion, the Court **grants** the motion, Doc. 54, and directs Raheem to, by **December 18, 2019**, (1) serve Hemphill and the law firm and (2) file proof of service with the Court.² As explained, failure to timely serve them and file proof of service will result in the dismissal of the claims against them.

**Ordered** in Jacksonville, Florida, on November 19, 2019.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of Record

Idris Raheem
4950 Richards St., Apt. 35
Jacksonville, FL 32207

---

F.3d 773, 779–80 (11th Cir. 2005); *see Smith v. Gonzales*, 592 F.2d 277, 277 (5th Cir. 1979) ("This is an appeal from the dismissal of two parties in a multiparty case in which one defendant remains a party. Since there has been neither a final judgment entered nor a determination by the district court that there is no just reason for delay pursuant to [Rule] 54(b), … we lack jurisdiction to entertain this appeal.").

The order Raheem seeks to appeal now is interlocutory because claims against Hemphill and the law firm remain. Because the Court never entered a final judgment or a certification there is no just reason for delay, the order is non-appealable. *See generally* Doc. 52. This Court therefore retains jurisdiction over the case, including to decide the motion for extension. *See Gilda,* 511 F.3d at 1350.

²The undersigned explained the service-of-process requirements in the report and recommendation. *See* Doc. 50 at 24–25.